IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARY ANN CLARK, individually and as ADMINISTRATRIX for the ESTATE of DR. JOHN J. YELENIC,** | **CIVIL NO. 1:CV-08-689**<br>**JUDGE SYLVIA H. RAMBO** |
| **Plaintiff** | |
| v. | |
| **KEVIN FOLEY, MICHELE YELENIC, BRIAN BONO, JAMES FRY, DANIEL ZENISEK, BRAD SHIELDS, DEANA KIRKLAND, JEFFREY MILLER, JAMES FULMER, and ALLISON JACOBS,** | |
| **Defendants.** | |

# **M E M O R A N D U M**

This lawsuit arises out of the shooting death of Dr. John Yelenic in Indiana County, Pennsylvania. Yelenic's niece, Mary Ann Clark, brings this action on behalf of herself and as administratrix of John Yelenic's estate. Two issues are currently before the court: (1) whether default judgment should be granted against Defendants Michelle Yelenic and Kevin Foley for failure to file a timely response to the complaint; and (2) whether this case should be transferred to the United States District Court for the Western District of Pennsylvania for the convenience of the parties and witnesses pursuant to 28 U.S.C. § 1404. For the reasons that follow, default judgment will not be granted, and this case shall be transferred to the United States District Court for the Western District of Pennsylvania.

I.      **Background**

   A.   **Facts**

The facts are drawn from Plaintiff's complaint, and taken as true for the purpose of deciding this motion. In 2004, Dr. John Yelenic, a dentist in Blairsville, Pennsylvania, separated from his wife Michelle Yelenic. The same year, Michelle Yelenic started dating Kevin Foley, a Pennsylvania State Police ("PSP") officer stationed at the Indiana PSP barracks, who eventually moved in with her. Throughout the separation, the Yelenic's relationship remained acrimonious, and Michelle Yelenic frequently demanded money from her estranged husband. In 2006, Dr. Yelenic filed for divorce. On April 13, 2006, just before the final divorce papers were to be signed, Dr. Yelenic was murdered, allegedly by Foley, with the assistance of Michelle Yelenic and Brian Bono, another PSP officer.

Foley has been arrested for Dr. Yelenic's murder and is currently incarcerated and awaiting trial in Indiana County. Plaintiff alleges that before the murder, Foley made numerous threats to kill Dr. Yelenic, while in the presence of fellow PSP officers stationed at the Indiana PSP barracks. According to Plaintiff, the murder could have been avoided if the PSP officers who heard the threats had reported them. Plaintiff further alleges that the PSP intentionally hampered the investigation of Dr. Yelenic's murder.

All of the events just described took place in Indiana County, which is located within the Western District of Pennsylvania. Moreover, all but one of the parties reside in Indiana County, and all of the relevant physical evidence is located there as well. The only defendant with any connection to the Middle District of Pennsylvania is PSP Commissioner Jeffrey Miller. Plaintiff alleges that Miller, as a

member of PSP leadership, established a pattern and practice of surreptitiously breaking the law, "for example, committ[ing] felonies in covering up evidence of his high speed driving across the state of such an extreme measure that it endangered the lives of other persons." (Doc. 1 ¶ 45.) Plaintiff does not explain how this alleged custom is related to the instant litigation.

### B. Procedural History

On April 13, 2008, Plaintiff initiated this law suit by filing a complaint in the United States District Court for the Middle District of Pennsylvania. (Doc. 1.) Plaintiff names as defendants Kevin Foley, Michelle Yelenic, and Brian Bono. Plaintiff also names as defendants James Fry, Daniel Zenisek, Brad Shields, and Deana Kirkland, all PSP officers who allegedly worked with Foley prior to the killing, or who were responsible for investigating his death. Additionally, Jeffrey Miller, PSP commissioner is named as a defendant. Summons were issued on April 14, 2008.

Numerous motions have been filed in this case, including motions to dismiss (Docs. 9, 19, 34), to stay (Docs. 10, 20, 46), for default judgment (Docs. 23, 24) and to set aside default (Doc. 35). All motions have been fully briefed and are ripe for disposition. Additionally, upon suggestion by Michelle Yelenic that this case should have been filed in the United States District Court for the Western District of Pennsylvania, this court directed all parties to show cause why this action should not be transferred to the Western District in the interest of justice and for the convenience of the parties. That issue is also ripe for disposition.

**II.     Discussion**

The court will first address Plaintiff's motions for default judgment against Defendants Foley and Yelenic before considering whether this case should be transferred to the United States District Court for the Western District of Pennsylvania.

   **A.     Default Judgment**

Plaintiff now seeks default judgment against Michelle Yelenic and Kevin Foley for failure to plead or otherwise defend this action. A defendant who has been personally served is required to file a responsive pleading or defense within twenty days of service. Fed. R. Civ. P. 12(a)(1)(A). Federal Rule of Civil Procedure 55 sets forth the two step procedure and requirements for default judgment. First, a party's default may be entered by the Clerk of Court "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise." Fed. R. Civ. P. 55(a). Second, once notice of a party's default is entered, default judgment may be entered by the Clerk where the plaintiff's claim is for a sum certain, *see* Fed. R. Civ. P. 55(b)(1), or by the court in all other cases, *see* Fed. R. Civ. P. 55(b)(2). "For good cause shown the court may set aside an entry of default and, if judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." Fed. R. Civ. P. 55(c). Here, the Clerk of Court has entered Foley and Yelenic's default, but no judgment has been entered, and both defendants have moved to set aside entry of default.

Default judgment is a drastic remedy which is disfavored by the courts. Whenever it is reasonably possible, cases should be decided on the merits. *Hritz v.*

*Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984). In the Third Circuit, "[t]hree factors control whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000); *see also Hritz*, 732 F.2d at 1181. Culpable conduct is that which is made willfully or in bad faith. *Chamberlain*, 210 F.3d at 164.

Here, Yelenic was personally served with a copy of the summons and complaint on June 10, 2008, (*see* Doc. 17 at 8), and Foley was personally served on June 7, 2008, (*see* Doc. 17 at 7). Accordingly, Yelenic and Foley had until June 30 and June 27, respectively, to file a responsive pleading or defense. They did not. Thereafter, on July 1, 2008, Plaintiff filed motions pursuant to Fed. R. Civ. P. 55 seeking entry of default, (*see* Docs. 25-26), and default judgment, (*see* Docs. 23-24), against Yelenic and Foley. On July 13, 2008, Yelenic filed an answer to the complaint. (Doc. 28.) The following day, the Clerk of Court entered default against both Yelenic and Foley pursuant to Fed. R. Civ. P. 55(a). (*See* Docs. 29-30.) On July 14, 2008, this court ordered Yelenic to show cause why default judgment should not be entered pursuant to Fed. R. Civ. P. 55(b)(2). (Doc. 31.) On July 22, 2008, Foley filed a motion to dismiss (Doc. 34), and a motion to set aside entry of default. (Doc. 35.)

With the appropriate standard in mind, the court now considers whether to grant default judgment against Yelenic and Foley.

5

### 1. **Michelle Yelenic**

Default judgment is inappropriate against Michelle Yelenic. First, Yelenic's late response did not prejudice Plaintiff. Yelenic's answer was only two weeks late and caused no delay in this litigation. Still pending are motions to dismiss filed by the other defendants. Additionally, all parties concur that the case should be stayed after the motions to dismiss are decided, because Defendant Foley is currently awaiting trial on criminal charges related to this litigation. Moreover, the delay was caused at least in part to Plaintiff's inconvenient choice of forum. As noted above, all of the evidence and witnesses in this case are located in the Western District of Pennsylvania, as are all of the parties except Defendant Miller. Yelenic lives in Blairsville, Pennsylvania, which is located 170 miles from Harrisburg, and within the Western District of Pennsylvania. Given this distance, and the circumstances of this case, it comes as no surprise that Yelenic avers that she encountered difficulty in obtaining counsel to represent her in an action filed in this court. Finally, the delay was also caused in part by Plaintiff's counsel's failure to return phone calls by Yelenic's counsel inquiring about transferring this case to the United States District Court for the Western District of Pennsylvania. Yelenic's delay in filing an answer did not prejudice Plaintiff.

The second and third factors also weigh towards denial of default judgment. Michelle Yelenic has raised a number of litigable defenses in her answer to the complaint. She denies participating in Dr. Yelenic's murder, or impeding the investigation in any way. Moreover, there is no indication that her failure to file a timely answer was willful or in any way culpable.

Default judgment will be denied and the entry of default set will be set aside as to Michelle Yelenic because her tardy response to this lawsuit caused no prejudice to Plaintiff, she has presented a litigable defense, and her failure to file a timely response was not the result of culpable conduct.

### 2. **Kevin Foley**

Default judgment is also inappropriate against Foley. Once again, Foley's delayed response caused no prejudice to Plaintiff. Foley's three week delay in filing a response caused no delay in the progress of this litigation. As noted above, motions to dismiss by the other defendants are pending, and all parties have concurred in staying this litigation pending the outcome of the related criminal trial.

Foley has also raised a number of litigable defenses. In his motion to dismiss, he argues that Plaintiff lacks standing and that the claim is devoid of facts that would support a claim that he acted under color of state law, and he challenges the sufficiency of Plaintiff's allegations with respect to the constitutional claims. Moreover, Foley denies that he was involved in Dr. Yelenic's killing.

Finally, Foley's delay in filing an answer was not due to culpable conduct, nor was it willful. There is no evidence that the delayed response was for the purpose of impeding this case, or in any way willful. Foley's ability to communicate has been impeded by his incarceration pending trial for Dr. Yelenic's murder in Indiana County. Foley has submitted an affidavit from his criminal defense attorney, Richard Galloway, who explains that Foley requested his assistance in securing an attorney shortly after service of the summons. Galloway agreed to assist Foley, but then went on vacation and focused his attention on preparing Foley's defense to the criminal case. Galloway was unable to secure civil

counsel for Foley before a response was due. It is unfortunate that Galloway did not follow through with his promise to attempt to find a civil attorney to represent Foley. However, Foley's reliance on the broken promise of his defense attorney does not mean that the failure to file an answer was culpable.

In sum, Plaintiff's motions for default judgment against Michelle Yelenic and Kevin Foley will be denied, and entry of default will be set aside.

### B. Transfer

Although no formal motion has been filed by any of the parties to transfer this case, some defendants have suggested that this case should have been brought in the United States District Court for the Western District of Pennsylvania, where all evidence is located and where most of the parties reside. Accordingly, this court asked all the parties to brief the issue.

The applicable statute for transferring an action to another district is 28 U.S.C. § 1404(a). Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." This statute provides district courts with discretion to transfer a civil action "if the transfer is warranted by the convenience of parties and witnesses and promotes the interests of justice." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). Stated differently, "the purpose of [§ 1404(a)] is to prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Id*. (internal quotations omitted). A district court may order a transfer *sua sponte*, upon notice to the parties. Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, 15 *Federal Procedure and Practice* § 3844 (6th ed. 2002).

As a threshold question, the court must determine whether the action "might have been brought" in the proposed transferee district. *Van Dusen*, 376 U.S. at 616–17. If this requirement is met, the court must then weigh a list of factors. While there is no definitive list of factors, courts generally consider the following: (1) the plaintiff's choice of forum; (2) the defendant's preference; (3) where the claim arose; (4) the convenience of the parties; (4) the convenience of the witnesses, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; (5) the location of books and records, similarly limited to the extent that the files could not be produced in the alternative forum; (6) the enforceability of the judgment; (7) practical considerations that could make the trial easy, expeditious, or inexpensive; (8) the relative court congestion in the competing courts; (9) the local interest in deciding local controversies at home; (10) the public policies of the fora; (11) and the familiarity of the trial judge with the applicable state law. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879–80 (3d Cir. 1995).

Here, the threshold requirement is met—this action could have been brought in the United States District Court for the Western District of Pennsylvania. As noted above, almost all of the events upon which this action is based occurred in Indiana County, Pennsylvania, which is located in the Western District. Thus, the Western District would have been an appropriate venue to initiate this suit.

Moreover, every factor weighs in favor of transferring this case to the Western District of Pennsylvania. Plaintiff, and all but one Defendant reside in Indiana County, Pennsylvania, and almost all of the relevant physical evidence in this case is in the custody of the Indiana County District Attorney. Plaintiff's chosen forum would ordinarily be given deference, but here, Plaintiff herself resides

9

in the Western District of Pennsylvania, and she does not oppose a transfer. Only one Defendant, Jeffrey Miller, has any connection to the Middle District of Pennsylvania, and his connection to the instant case is tenuous at best. As noted above, Plaintiff's allegation against Miller is that he drives at a high rate of speed, and thereby condones lawbreaking among PSP officer and encourages unlawful activity to be covered up. This attenuated connection is challenged in Miller's motion to dismiss. In short, Defendant Miller's alleged involvement provides no strong connection to the Middle District of Pennsylvania.

None of Defendants opposes transfer, but Defendant Kevin Foley requests that this court address the motions to dismiss first. He points out that these motions may be decided from the face of the complaint and will not require access to witnesses and evidence. Foley also notes that he has already retained an attorney in the Harrisburg area. However, for the very reason that the motion to dismiss may be decided on its face, it is unlikely that its resolution will require travel or other inconvenience on the part of his Harrisburg-based attorney. While the court recognizes the time and effort invested in retaining local counsel, it would be an inefficient use of judicial resources for this court to decide the motions to dismiss, and then transfer the case to another court for litigation and trial. For these reasons, this court will not address the motions to dismiss prior to transfer.

Accordingly, for the convenience of the parties and in the interest of justice, this case shall be transferred to the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. § 1404(a).

## III. <u>Conclusion</u>

For the foregoing reasons, Plaintiff's motions for default judgment against Michelle Yelenic and Kevin Foley will be denied, and this case shall be transferred to the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. § 1404(a). An appropriate order will issue.

                                                   s/Sylvia H. Rambo
                                                   SYLVIA H. RAMBO
                                                   United States District Judge

Dated: September 12, 2008.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARY ANN CLARK, individually and as ADMINISTRATRIX for the ESTATE of DR. JOHN J. YELENIC,** | CIVIL NO. 1:CV-08-689 |
| **Plaintiff** | JUDGE SYLVIA H. RAMBO |
| v. | |
| **KEVIN FOLEY, MICHELE YELENIC, BRIAN BONO, JAMES FRY, DANIEL ZENISEK, BRAD SHIELDS, DEANA KIRKLAND, JEFFREY MILLER, JAMES FULMER, and ALLISON JACOBS,** | |
| **Defendants.** | |

# O R D E R

In accordance with the accompanying memorandum of law, **IT IS HEREBY ORDERED THAT**:

(1) Plaintiff's motion for default judgment against Defendant Kevin Foley (Doc. 23) is **DENIED**;

(2) Plaintiff's motion for default judgment against Defendant Michelle Yelenic (Doc. 24) is **DENIED**; and

(3) In the interest of justice and for the convenience of the parties, the Clerk of Court shall **TRANSFER** this case to the United States District Court for the Western District of Pennsylvania and close the file in this district.

                                                s/Sylvia H. Rambo
                                                SYLVIA H. RAMBO
                                                United States District Judge

Dated: September 12, 2008.